# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Pennsylvania

UNITED STATES OF AMERICA  
V.  
MICHAEL GIELLO

**JUDGMENT IN A CRIMINAL CASE**

FILED  
SEP 27 2010  
MICHAEL E. KUNZ, Clerk  
By _____ Dep. Clerk

Case Number: DPAE2:10CR000249-002  
USM Number: 65401-066  

William Joseph Ciancaglini, Esq.  
Defendant's Attorney

**THE DEFENDANT:**

x pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail fraud | 07/15/05 | 1 and 2 |
| 18 U.S.C. § 2 | Aiding & Abetting | 07/15/05 | 1 and 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  x are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 8, 2010  
Date of Imposition of Judgment

_Signature of Judge_

Norma L. Shapiro, United States District Judge  
Name and Title of Judge

Date

DEFENDANT: MICHAEL GIELLO
CASE NUMBER: DPAE2:10CR000249-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One year and one day Counts 1 and 2, to run concurrently.

X The court makes the following recommendations to the Bureau of Prisons:
The court recommends that defendant be placed in a half-way house with work-release privileges, including the opportunity to go to church and take his spouse and son to the doctor. A joint and several restitution obligation has been imposed in the amount of $110,375.36. If defendant is not placed in a half-way house, the court recommends that defendant participate in the BoP's Inmate Financial Responsibility Program and pay $25 per quarter toward this joint and several restitution obligation.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X before 2 p.m. on   November 29, 2010   .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MICHAEL GIELLO
CASE NUMBER: DPAE2:10CR000249-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

5 years on Counts 1 and 2 to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL GIELLO
CASE NUMBER: DPAE2:10CR000249-002

# SPECIAL CONDITIONS OF SUPERVISION

In addition to complying with the standard terms and conditions of supervised release, defendant shall:

1. maintain gainful employment at an occupation approved by the court;

2. perform community service for no less than 20 hours per week at an activity approved by the court on recommendation of his probation officer, if he is unemployed;

3. provide his probation officer with full disclosure of his financial records including yearly income tax returns upon request, cooperate with his probation officer in the investigation of his financial dealings, and provide truthful monthly statements of his income;

4. make regular monthly payments toward the joint and several restitution obligation of $110,375.36, in amount approved by the court on recommendation of his probation officer;

5. refrain from incurring any new credit charges or opening additional lines of credit without the approval of his probation officer unless defendant is in compliance with a payment schedule for the joint and several restitution obligation imposed;

6. refrain from encumbering or liquidating any assets unless it is in direct service of his joint and several restitution obligation or otherwise approved by the court; and

7. notify the U.S. Attorney's office within 30 days of any change of mailing address or residence that occurs while any portion of his financial obligations to the court remain unpaid.

The Probation Office shall send written reports to this court every ninety (90) days regarding defendant's progress while under supervision.

DEFENDANT: MICHAEL GIELLO
CASE NUMBER: DPAE2:10CR000249-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ N/A | $ 110,375.36 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Aisha Davis & Deborah Elam | $2,583.00 | $2,583.00 | 100% |
| Veronica Reitz-Kabiro | $9,355.44 | $9,355.44 | 100% |
| Timothy & Sharon Whitehead | $2,470.00 | $2,470.00 | 100% |
| Timothy & Ellen Kelly | $1,056.36 | $1,056.36 | 100% |
| Perrico Polite | $375.00 | $375.00 | 100% |
| HSBC USA, Inc. | $75,500.00 | $75,500.00 | 100% |
| LaSalle Bank NA | $19,035.56 | $19,035.56 | 100% |
| **TOTALS** | $ 110375.36 | $ 110375.36 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the  ☐ fine  X restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL GIELLO
CASE NUMBER: DPAE2:10CR000249-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X   Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____ , or
X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B**  ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X   Special instructions regarding the payment of criminal monetary penalties:

Payments toward defendant's joint and several restitution obligation shall be made in monthly installments in amount to be determined after the court's review of a payment plan to be submitted by his probation officer upon defendant's release from custody. Payments toward this obligation shall commence 30 days after the payment plan is approved by the court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

This obligation is imposed jointly and severally with defendant's co-defendants: Frank J. Dattilo (10-249-1); and Jason Megow (10-249-3).

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.